UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES DAVID SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>TIM NASH, et al.,<br><br>    Defendants. | Case No. 2:20-cv-00014<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

On May 5, 2020, the Court ordered pro se Plaintiff James David Sanders—who is incarcerated and appears *in forma pauperis*—to show cause by May 22, 2020, why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for Sanders's failure to prosecute his claims against Defendants Eddie Farris and Jody Moses. (Doc. No. 8.) Sanders has not responded to the Court's show-cause order, and Defendant Farris has filed a second motion to dismiss (Doc. No. 9) based on Sanders's failure to respond to Farris's first motion to dismiss (Doc. No. 6). For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Sanders's complaint without prejudice for failure to prosecute under Rule 41(b) and find moot Farris's motions to dismiss.

**I.    Factual and Procedural Background**

This action began on February 26, 2020, when Sanders filed a complaint under 42 U.S.C. § 1983 alleging that Defendants Farris, Moses, and Tim Nash were deliberately indifferent to Sanders's serious medical needs in violation of his constitutional rights while he was incarcerated at the Putnam County Jail in Cookeville, Tennessee. (Doc. No. 1.) On March 20, 2020, the Court

granted Sanders's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. § 1915A, finding that Sanders had stated colorable deliberate indifference claims against Farris and Moses in their official capacities and allowing those claims to proceed. (Doc. Nos. 4, 5.) However, the Court dismissed Sanders's claims against Nash. (*Id.*) The Court directed the Clerk's Office to send Sanders service packets to complete for Farris and Moses—including blank summonses and forms that the U.S. Marshals Service uses to effect service of process—and ordered Sanders to return the completed service packets by April 20, 2020. (Doc. No. 5.) The Court warned Sanders "that failure to return . . . completed service packet[s] within the required time period could jeopardize his prosecution of this action[.]" (*Id.* at PageID# 25.) Sanders did not return service packets for Farris or Moses. Moses has not appeared in this action.

On April 7, 2020, Farris filed a motion to dismiss Sanders's complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), arguing that Sanders's claims are time-barred. (Doc. No. 6.) The Court ordered Sanders to file any response in opposition to Farris's motion "no later than fourteen days after he is served with the motion" and warned him that "[f]ailure to file a timely response in opposition may result in the motion being granted as unopposed." (Doc. No. 7.) Sanders did not respond to Farris's motion.

On May 5, 2020, the Court found that Sanders had failed to comply with its order to return service packets for Farris and Moses and had not responded to Farris's motion to dismiss. (Doc. No. 8.) The Court therefore ordered Sanders to show cause by May 22, 2020, why this action should not be dismissed for his failure to prosecute under Rule 41(b) or, in the alternative, for the reasons stated in Farris's motion. (*Id.*) The Court warned Sanders "that failure to respond to this [o]rder may lead to a recommendation that his claims be dismissed." (*Id.* at PageID# 36.) Sanders did not respond to the Court's show-cause order. On June 8, 2020, Farris filed a second motion to

dismiss asking the Court to grant his first motion to dismiss as unopposed. (Doc. No. 9.) Sanders has not responded in opposition to Farris's second motion to dismiss.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with

prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Sanders.

### A.     Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Sanders's failures to return service packets for Farris and Moses or to respond to Farris's motion to dismiss were motivated by bad faith. However, because the Court warned Sanders that failure to return service packets for Farris and Moses, failure to respond to Farris's motion, and failure to respond to the Court's show-cause order could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Estes v. Smith*, No. 2:15-

cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing pro se incarcerated plaintiff's failure to return service packets or respond to show cause order "to his own willfulness or fault"); *Daniels v. Napoleon*, Civil Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and

responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, Moses has not appeared and Farris has filed motions to dismiss Sanders's complaint. (Doc. Nos. 6, 9.) Because these are typical steps in early litigation, this factor weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Sanders "that failure to return . . . completed service packet[s] within the required time period could jeopardize his prosecution of this action" (Doc. No. 5, PageID# 25); that "[f]ailure to file a timely response in opposition [to Farris's first motion to dismiss] may result in the motion being granted as unopposed" (Doc. No. 7); and that failure to respond to the Court's show-cause order "may lead to a recommendation that his claims be dismissed" (Doc. No. 8, PageID# 36). This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though Farris has filed motions to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (adopting report and recommendation dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that

courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

IV.     **Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Sanders's failure to prosecute and that Farris's motions to dismiss (Doc. Nos. 6, 9) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of August, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge